### RIGGIN v. BROWN et al.

#### (District Court, D. Maryland. February 16, 1894.)

1. **STATES AND STATE OFFICERS — BOARD OF PUBLIC WORKS — OYSTER NAVY— NEGLIGENCE OF COMMANDER.**

   Code Md. art. 72, regulating the oyster fishery in the waters of the state, charges the board of public works with the duty of keeping in repair the vessels of the state fishery force; and Act Md. 1886, c. 296, provides for the appointment of commanders for such vessels by the board. These commanders are required by law to take an oath, and give bond to the state. *Held,* that such a commander is himself a public officer, and hence the members of the board are not personally liable for injuries resulting from his negligence to a workman repairing such vessel, especially where there is nothing to show that the commander is incompetent.

2. **SAME—LIABILITY AS OWNERS.**

   The board of public works, in keeping such vessels in repair, act purely as public officers, and do not come within any rule by which charterers or others who have obtained the exclusive navigation of a vessel may be held liable as owners for injuries resulting from the negligence of its officers or crew.

In Admiralty. Libel to recover for injuries by William H. Riggin against Frank Brown, Marion De K. Smith, and Spencer C. Jones.

Code Md. art. 72, regulating the oyster fishery in the waters of the state, provides for the maintenance by the board of public

works of vessels to guard those waters and prevent violations of the law. Act Md. 1886, c. 296, imposes upon the board the additional duty of appointing a commander in chief of the state fishery force, and deputy commanders for the several vessels thereof, and of supervising the former in his administration and control of the force.

Thomas S. Hodson, for complainant.
John P. Poe, Atty. Gen., for board of public works.

MORRIS, District Judge. This is a libel to recover for injuries which the libelant alleges he sustained by the falling upon him of the main boom of the schooner Helen Baughman, and which injury, it is alleged, was caused by the negligence or unskillfulness of the deputy commander, who was in charge of said schooner, or of some one of the crew; the libelant being employed at the time in doing some necessary repairs to the mast of the schooner. The defendants are the governor, comptroller, and treasurer of Maryland, and compose the board of public works, who are by law charged with the duty of keeping the vessels of the state fishery force in good order and repair, and of appointing the commanders of said vessels. The schooner Helen Baughman is one of the vessels of the state fishery force, and the theory of the libel is that, if the commander of the vessel or his crew were negligent or unskillful, and through their fault the libelant received the injury complained of, the members of the board of public works are personally liable. This contention is manifestly untenable. The board of public works have a purely official connection with the state fishery force, and it is not alleged that the commander of the schooner appointed by them was not competent. The commander of the schooner, although appointed by the board, was, when he had taken the oath of office and given bond as required by law, (section 32,) himself a public officer. The law is that each public officer is answerable for his own negligence only, and not for that of others, although selected by him, and subject to his orders. Robertson v. Sichel, 127 U. S. 507, 8 Sup. Ct. 1286. But it is contended that in admiralty, by reason of a rule which in some cases makes the charterer or other person who, by agreement with the general owner, has obtained the exclusive possession, command, and navigation of a vessel, liable as if actual owner, being regarded pro hac vice as the actual owner, the members of the board of public works are to be regarded as owners pro hac vice of the schooner Helen Baughman. The mere statement of this contention, it seems to me, is its own refutation. Neither the board of public works nor the individual members of it have ever obtained from the state of Maryland, which is the actual owner of the schooner, any possession or command of her. She is a public vessel, the property of the state, engaged under the command of public officers in the enforcement of the laws regulating the taking of oysters in the waters of Maryland. It is made the duty of the board of public works to see that the state's vessels are kept in good repair, but

in obeying this provision of the law they are acting purely as public officers; and it is a contention not countenanced by any rule of the admiralty or of the common law that they can be held personally liable, because, while one of these vessels is at the shipyard, it happens by the negligence of one of her officers or crew that a workman employed on the repairs is unfortunately injured.